State Court of Fulton County
**E-FILED**
21EV005205
8/31/2021 4:46 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☐ State Court of _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**

_____
Last        First        Middle I.    Suffix    Prefix

_____
Last        First        Middle I.    Suffix    Prefix

_____
Last        First        Middle I.    Suffix    Prefix

_____
Last        First        Middle I.    Suffix    Prefix

**Defendant(s)**

_____
Last        First        Middle I.    Suffix    Prefix

_____
Last        First        Middle I.    Suffix    Prefix

_____
Last        First        Middle I.    Suffix    Prefix

_____
Last        First        Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _____    **Bar Number** _____    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
       Case Number                        Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                      Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

State Court of Fulton County
**E-FILED**
21EV005205
8/31/2021 4:46 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV005205
8/31/2021 4:46 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV005205
8/31/2021 4:46 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Shantika Arnold**, | Case No. _____ |
| Plaintiff, | |
| v. | |
| **GMF-Forest Cove, LLC and Millennia Housing Management, LLC,** | **Complaint for Damages** |
| Defendants. | |

### Parties, Jurisdiction, And Venue

1.   Plaintiff Shantika Arnold is a citizen of the State of Georgia.

2.   At all relevant times, including May 17, 2019, Defendants owned, occupied, operated, controlled, and managed Forest Cove Apartments, located at 900 New Town Cir SE, Atlanta, Georgia 30315 ("the Premises").

3.   Defendant GMF-Forest Cove, LLC is a foreign limited liability company who is authorized to transact business in the State of Georgia.

4.   Service of process can be perfected upon Defendant GMF-Forest Cove, LLC by serving its registered agent for service of process C. David Lumsden 3400 Peachtree Road NE, Suite 1515, Atlanta, Georgia 30326.

5.   Defendant GMF-Forest Cove, LLC has been properly served with process in this action.

6.   Defendant Millennia Housing Management, LLC is a foreign limited liability company who is authorized to transact business in the State of Georgia.

7.   Service of process can be perfected upon Defendant Millennia Housing Management, LLC by serving its registered agent for service of process C T Corporation System at 289 S Culver Street, Lawrenceville, Georgia 30046.

8.   Defendant Millennia Housing Management, LLC has been properly served with process in this action.

9.   Jurisdiction and venue are proper in Fulton County.

10.  Defendants are subject to the jurisdiction of this Court.

11.  Defendants' officers, agents, and employees were involved in the acts and omissions which give rise to this lawsuit and committed tortious acts and omissions in the State of Georgia with respect to the Premises.

12.  The applicable statute of limitations in this matter has been tolled as a result of O.C.G.A. §9-3-99 and the March 14, 2020 Georgia Supreme Court Statewide Judicial Emergency.

## Facts Applicable to All Counts

13.  At all relevant times, Plaintiff was an invitee at the Premises.

14.  On May 17, 2019, Plaintiff was at an apartment on the Premises when an unknown individual attempted to rob her of her belongings.

15.  During the attempted robbery, Plaintiff was shot and severely injured.

16.  At all times, Plaintiff was a totally innocent victim and exercised ordinary care and diligence.

17.  Before May 17, 2019, there had been numerous reports of criminal and dangerous activity at the Premises and in its immediate surrounding area, including aggravated assaults, robberies, forced entry burglaries, and gun-related crimes, about which Defendants knew, or by the exercise of reasonable care, should have known.

18.  Plaintiff suffered severe personal injuries.

## *Count 1*: Failure To Keep The Premises Safe (O.C.G.A. § 51-3-1)

19.  At all relevant times, Defendants owed a duty of care to Plaintiff to keep the Premises safe from dangerous and criminal acts by third parties on the Premises.

20.  Before May 17, 2019, Defendants knew or should have known that the Premises was in a high crime area. Defendants knew of, or with the exercise of due care for

the safety of its invitees should have known of, the dangerous and hazardous conditions existing on the Premises, and that said conditions were likely to result in injuries and/or death to their invitees, including Plaintiff.

21.  Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity.

22.  Before May 17, 2019, Defendants were aware or should have been aware of the risk of crime by third parties against invitees in situations similar to the Shooting.

23.  Before and on May 17, 2019, Defendants negligently failed to maintain, inspect, secure, patrol, and manage the Premises, thereby creating an unreasonable risk of injury to its residents and invitees, including Plaintiff.  Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care to do so.

24.  Defendants negligently represented to its invitees and residents that the Premises were properly maintained and reasonably safe.

25.  Defendants negligently, recklessly, and wantonly failed to warn its invitees, residents, and guests, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

26.  Defendants had actual and constructive knowledge of criminal activity existing on and around the Premises prior to the shooting of Plaintiff, including prior violent crimes on the Premises and in the immediate area. Said prior criminal activity was negligently permitted to exist and remain at the Premises.

27.  Defendants negligently failed and refused to correct the circumstances giving rise to the criminal and dangerous activity by third parties.

28.  Defendants negligently failed to maintain adequate security devices or measures to control access to and permit proper use of the Premises, thereby causing an unreasonable risk of injury to its invitees, including Plaintiff.

29.  Defendants negligently failed to keep the Premises safe and failed to adequately and properly protect Plaintiff, in breach of its duty of care owed to Plaintiff.

30. Defendants negligently failed to provide adequate security protection or security personnel on the Premises. Defendants negligently failed to establish adequate security policies and/or procedures.

31. Defendants breached the duty owed to Plaintiff by failing to exercise ordinary care to keep the Premises safe.

### *Count 2*: Allowing and Maintaining a Nuisance (O.C.GA. § 41-1-1)

32. Defendants negligently failed to remedy the dangerous condition of criminal and dangerous incidents that persisted over a period of time as a continuous and repetitious condition.

33. Defendants had express notice and knowledge of the dangerous condition of criminal and dangerous incidents that persisted over a period of time as a continuous and repetitious condition.

34. Defendants breached the duty owed to Plaintiff by allowing and maintaining a nuisance.

### *Count 3*: Failure to Repair (O.C.G.A. § 44-7-14)

35. At all relevant times, Defendants owed a duty of care to Plaintiff to properly construct and maintain the Premises and to keep the Premises in proper repair.

36. Defendants breached their duty of care owed to Plaintiff in that Defendants negligently, recklessly, and wantonly failed to properly construct, maintain, and repair the Premises.

### *Count 4*: Negligent Hiring, Training, Supervision, and Retention

37. Defendants were negligent in hiring, training, supervising, and retaining its employees working at and responsible for the Premises.

38. Defendants breached their duty of care owed to Plaintiff by their negligence in hiring, training, supervising, and retaining its employees working at and responsible for the Premises.

39.   Defendants were and are negligent *per se*.

40.   Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts or omissions were the direct and proximate cause of the injuries and damages to Plaintiff.

### Damages

41.   Defendants are liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

42.   As a proximate and foreseeable result of the negligence of Defendants, Plaintiff sustained serious injuries, endured pain and suffering, lost wages, mental anguish, loss of the enjoyment of life, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff is entitled to recover all elements of damages allowed under Georgia law.

43.   Plaintiff seeks to and is entitled to recover for:

44.   Personal injuries;

    44.1.   Past, present, and future pain and suffering;

    44.2.   Disability;

    44.3.   Disfigurement;

    44.4.   Mental anguish;

    44.5.   Loss of capacity for the enjoyment of life;

    44.6.   Economic losses;

    44.7.   Incidental expenses;

    44.8.   Past, present, and future medical expenses;

    44.9.   Lost earnings;

    44.10.  Loss of earning capacity;

    44.11.  Permanent injuries; and

44.12.  Consequential damages to be proven at trial.

45.    Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Defendants and their agents were willful and wanton, and showed an entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is accordingly entitled to recover punitive damages, without limitation or cap, from Defendants, in accordance with the enlightened conscience of an impartial jury

46.    Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

47.    Plaintiff respectfully requests:

47.1.    process issue as provided by law;

47.2.    a trial by jury against Defendants;

47.3.    judgment be awarded to Plaintiffs and against Defendants;

47.4.    Plaintiff be awarded damages in amounts to be shown at trial; and

47.5.    Plaintiff have such other relief as this Court deems just and appropriate.


Submitted on August 31, 2021, by:

**Rafi Law Firm LLC**                          Michael T. Rafi
1776 Peachtree Street NW                        Georgia Bar No. 127670
Suite 423-South                                 Alexander J. Brown
Atlanta, GA 30309                               Georgia Bar No. 532112
404-800-9933
470-344-3425 fax
info@rafilawfirm.com
brown@rafilawfirm.com                           **Attorney for Plaintiffs**

State Court of Fulton County
**E-FILED**
21EV005205
8/31/2021 4:46 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**Shantika Arnold**,

               Plaintiff,

v.

**GMF-Forest Cove, LLC and Millennia Housing Management, LLC,**

               Defendants.

Case No. _____

**First Requests for Admissions to Defendants**

Plaintiff serves these Requests for Admission pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-36.

Do not object to the following requests on grounds that they call for legal conclusions. Requests are not objectionable even if they require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. *G.H. Bass Co. v. Fulton County Board of Tax Assessors*, 268 Ga. 327, 328 (1997).

### Definitions

1.     "*This Court*" refers to the Court referred to in the caption/style of this document and in which the Complaint has been filed.

2.     "*The Premises*" means Forest Cove Apartments, located at 900 New Town Circle SE, Atlanta, GA 30315.

### Requests for Admissions

1.     You have been correctly named in this case insofar as your legal name is concerned.

2.     You have been properly served as a party defendant.

3.     Process is sufficient with regard to you in this case.

4.     Service of process is sufficient with regard to you in this case.

5.     This Court has jurisdiction over the subject matter of this case.

6.     This Court has personal jurisdiction over you in this case.

7.    Venue is proper in this Court.

8.    In responding to Plaintiff's Interrogatories and Requests for Production of
      Documents to Defendant, you searched electronically stored information.

9.    In responding to Plaintiff's Interrogatories and Requests for Production of
      Documents to Defendant, you conducted a manual search for electronically stored
      information.

10.   In responding to Plaintiff's Interrogatories and Requests for Production of
      Documents to Defendant, you used search terms to search for electronically stored
      information.

11.   Plaintiff was a completely innocent victim.

12.   Plaintiff did not assume the risk of injury in this case.

13.   You do not know who shot Plaintiff.

14.   Plaintiff was an invitee at the Premises when she was shot.


      Submitted on August 31, 2021, by:


**Rafi Law Firm LLC**                             Michael T. Rafi
1776 Peachtree Street NW                          Georgia Bar No. 127670
Suite 423-South                                   Alexander J. Brown
Atlanta, GA 30309                                 Georgia Bar No. 532112
404-800-9933
470-344-3425 fax
info@rafilawfirm.com
brown@rafilawfirm.com                             **Attorneys for Plaintiff**

State Court of Fulton County
**E-FILED**
21EV005205
8/31/2021 4:46 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **Shantika Arnold**, | Case No. _____ |
| Plaintiff, | |
| v. | |
| **GMF-Forest Cove, LLC and Millennia Housing Management, LLC,** | **First Interrogatories to Defendants** |
| Defendants. | |

Plaintiff serves these Interrogatories pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-33.

Each interrogatory is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

### Instructions

**Respond to each interrogatory individually.** Do not respond to an interrogatory by referring to your response another interrogatory or by adoption, since some of the interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves. *See* O.C.G.A. 9-11-33(a)(2) ("Each interrogatory shall be answered separately and fully in writing under oath...").

**Do not assert a "preamble," "general objections," or objections that purport to apply to all of your responses.** *See Tennesco, Inc. v. Berger*, 144 Ga. App. 45, 48 (1977) ("The questions must at the very least be considered on an individual basis and answered accordingly."). Each individual discovery request should be met with every specific objection thereto, but only those objections that apply to the particular request. Otherwise, it becomes impossible for the Court or Plaintiffs to know what objections have been asserted to each individual request and whether your responses are full and complete. If you do not follow this instruction, Plaintiff will write you a letter pursuant to

USCR 6.4(b) and ask you to remove your "preamble," "general objections," or whatever you call your attempt to incorporate a shopping list of objections into each response, and Plaintiff will include an image of this very instruction.

**If you object to an interrogatory but then respond to the interrogatory, state whether your response is complete.** If you are withholding information and/or documents based on an objection(s), please state as such, so Plaintiffs will know if additional information and/or documents would have been included in your response but for the objection(s).

**Search your electronically stored data for responsive information.** Under the CPA, Defendant is required to produce all non-privileged responsive information it its possession, custody, and control. Plaintiff specifically requests that Defendant search its electronically stored information for responsive information.

## Definitions

1.    "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2.    "*Person*" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3.    "*Identify*"

    3.1.   With respect to any *person*, "*identify*" means to provide that person's last known contact information for personal and work (phone, postal address, and email address), and a description of the person's connection with the events in question.

    3.2.   With respect to any *document*, "*identify*" means to provide the title of the document, the date the document was created, the name of the creator, the name of the person who directed that the document be created, and the identity of the person or group to whom the document was distributed.

3.3.   This instruction is not boilerplate and meaningless; when Plaintiff writes "identify," he truly means for you to *identify persons pursuant to these Instructions*. Please do not make Plaintiff write a letter pursuant to USCR 6.4(b) asking you to *identify witnesses pursuant to these Instructions*. Our letter will state: "Please properly *identify witnesses pursuant to the Instructions*," along with an image of this very instruction.

4.     "*The Premises*" means Forest Cove Apartments, located at 900 New Town Circle SE, Atlanta, GA 30315.

5.     "*The Incident*" means the incident forming the basis of Plaintiff's Complaint.

## Witnesses

1.     Identify all employees, agents, or contractors who were at the Premises on the day of the Incident.

2.     Identify all persons who you employed or contracted to work at the Premises at any time for the 5 years before the Incident until present. In doing so, please identify which of these individuals was employed or contracted to work at the Premises in the month before the Incident.

3.     Identify all persons known to you, either from your own investigation or from any investigation made on your behalf who may have seen any part of the Incident or who may have or claim to have arrived at the scene of Incident immediately or shortly after its happening.

4.     Identify all persons known to you, either from your own investigation or from any investigation made on your behalf who have any knowledge regarding the facts or circumstances surrounding the Incident.

5.     Identify every individual who has information about Plaintiff's damages.

6.     Identify all persons who have investigated the Incident, or the claims made in this lawsuit.

7.     Identify all expert witnesses whom you expect to testify at trial and describe the subject matter on which the expert is expected to testify, the substance of the facts

and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. This Interrogatory is NOT asking for details about consulting experts, so please do not raise that objection.

**Prior Crime**

8.   Have you received any complaints or notice of any kind regarding criminal activity at the Premises in the 5 years before the Incident? If yes, please state the date; people involved; how you became aware of the complaint or notice; and substance of each complaint or notice.

9.   In the past 5 years, are you aware of any complaints or shootings, rapes, murders, sexual assaults, robberies, burglaries, assaults, batteries, forced entries into an apartment, reports of discharge of firearms, and/or any violent crimes at the Premises? If you answer yes, for each such occurrence state the nature of the occurrence; the date of the occurrence; the individuals involved; how you became aware of the incident; whether any legal suit arose out of it and the outcome of such claims, if any; and what you did in response.

10.  State whether you, your employees, or your agents ever called the police regarding criminal activity, a complaint, or disturbance at the Premises. If so, state the date of the call; date of the incident complained of; identify the caller and all individuals involved; location of the incident; circumstances of the incident.

11.  Identify all communications or correspondence between or among you and any local, state, or federal law enforcement or investigative agency regarding criminal activity on the Premises including, but not limited to, the Incident.

**Crime Prevention**

12.  Identify all persons responsible for security/safety measures or measures designed to make the Premises safer.

13.  Explain what, if any, security prevention or related security training any employees or contractors at the Premises received within the course of their employment or

agency.

14. What, if anything, did you do to try to avoid the Incident and/or other instances of criminal activity?

15. Did you have any security measures aimed at deterring criminal activity on the date of the Incident? If yes, please list each; identify who was in charge of that security measure; and describe why you believe it may deter criminal activity. If no, please explain why not?

16. Before the Incident, did you consider implementing any security measures not listed in your response to the previous interrogatory? If yes, please list each; identify who considered its implementation and when; and state why it was not implemented. If no, why not?

17. Identify all entities contracted to provide security services at the Premises before the Incident, and if more than one entity, explain why a change was made.

18. Describe each warning that you claim was provided to the Plaintiff regarding any potential danger from criminal activity associated with the Premises.

19. Describe the security plan that you had in place at the Premises at the time of the Incident to deter third-party crime, including but not limited to, identifying all security employees employed at the time of the Incident; shift schedules for security staff; system of patrol; duties of the security personnel; system of stationing security personnel; and policies or plan used by the security personnel when a security complaint is received.

20. Describe the reporting and investigative practices for complaints and criminal activity at the Premises, including but not limited to, how such complaints are reported (designated phone number; text message; website; email, etc.), and who is responsible for reviewing them.

21. Identify the criteria you utilized to determine whether to implement, keep, increase, or decrease security measures.

22. Identify all action taken by you or on your behalf, including identifying the persons who took the action, regarding any investigation into criminal activity at the

Premises before the Incident.

23.  State whether any fencing or gating surrounds or is installed at the Premises and identify any complaints to you from any source regarding said fencing/gating, or lack thereof.

24.  Describe how you contend the Incident happened, giving all of the events in detail and in the order in which they occurred, before, at the time of, and after the Incident, which had any bearing on the cause or manner of the Incident.

25.  If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning the Incident, the scene, the area, or persons involved, as to each such item, please identify each responsive document; state what the item purports to show, illustrate or represent; the date it was made or taken and by whom; and the name and address of the person having custody of the item.

26.  Identify any changes that were implemented or made as a result of the Incident.

27.  List each act of negligence, contributory negligence, or comparative negligence you contend the Plaintiff, or any other person or entity did or failed to do which in any way contributed to the Incident and/or any of Plaintiff's injuries.

28.  State the substance of each conversation you had with the Plaintiff or any statement that you claim was a statement made by Plaintiff or his agents.

29.  Identify any information you have indicating whether the Plaintiff or any witness has been convicted or pled guilty to a crime.

**Miscellaneous**

30.  Did you search electronically stored information? If yes, please list each ROG, RPD, and RFA for which you search electronically stored information in an effort to locate responsive information, and state how you searched your electronically stored information for each ROG, RPD, and RFA. If the search was manually conducted, identify the person(s) who conducted the search, identify the servers, email

accounts, or other storage that was searched, and explain instructions that were given to the person(s) conducting the search. If you search was done using search terms, please identify the person(s) who conducted the search, identify the software used to conduct the search, identify the person(s) who determined what search terms would be used, list every search term used, list every search term considered but not used, state how many "hits" you received for each search term, explain how you reviewed the "hits" for responsiveness and privilege, identify the person(so who reviewed the "hits" for responsiveness and privilege.

31. Have any documents responsive to Plaintiff's Request for Documents been destroyed, lost, misplaced, withheld, or provided to a third party such that they were not produced to Plaintiff?  If so, please describe each such document, the reason it was not produced, and the document's current location.

32. When did you first contemplate litigation?

33. Identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. State the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against you.

Submitted on August 31, 2021, by:

**Rafi Law Firm LLC**                                        Michael T. Rafi
1776 Peachtree Street NW                          Georgia Bar No. 127670
Suite 423-South                                              Alexander J. Brown
Atlanta, GA 30309                                          Georgia Bar No. 532112
404-800-9933
470-344-3425 fax
info@rafilawfirm.com
brown@rafilawfirm.com                            **Attorneys for Plaintiff**

State Court of Fulton County
**E-FILED**
21EV005205
8/31/2021 4:46 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Shantika Arnold**, | Case No. _____ |
| Plaintiff, | |
| v. | |
| **GMF-Forest Cove, LLC and Millennia Housing Management, LLC,** | **First Requests for Production to Defendants** |
| Defendants. | |

Plaintiff serves these Requests upon Defendant pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-34.

Each request is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a request is directed to Defendant, the request is also directed to each of the aforementioned persons.

### Instructions

Do not assert a "preamble," "general objections," or objections that purport to apply to all of your responses. *See Tennesco, Inc. v. Berger*, 144 Ga. App. 45, 48 (1977) ("The questions must at the very least be considered on an individual basis and answered accordingly."). Each individual discovery request should be met with every specific objection thereto, but only those objections that apply to the particular request. Otherwise, it becomes impossible for the Court or Plaintiff to know what objections have been asserted to each individual request and whether your responses are full and complete.

If you object to a request but then respond to it, state whether your response is complete. If you are withholding information and/or documents based on an objection(s), please state as such, so Plaintiff will know if additional information and/or documents would have been included in your response but for the objection(s). If you are

not withholding documents pursuant to your objections, please state as such, so Plaintiff will know your response is complete.

**Search your electronically stored data for responsive information.** Under the CPA, Defendant is required to produce all non-privileged responsive information in its possession, custody, and control. Plaintiff specifically requests that Defendant search its electronically stored information for responsive information.

## Definitions

1. "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. "*Person*" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3. "*The Premises*" means Forest Cove Apartments, located at 900 New Town Circle SE, Atlanta, GA 30315.

4. "*The Incident*" means the incident forming the basis of Plaintiff's Complaint.

## Incident

1. All documents that were created during regularly conducted business activity that mention, refer to, or relate to the Incident. Because this Request seeks documents created "during regularly conducted business activity," it does not seek attorney-client communications or attorney work product.

2. Copies of all statements of any person relating to the Incident. Please note: this Request is NOT seeking documents protected by attorney-client privilege or attorney work product doctrine; but IS seeking statements created in the regular course of business. So, please do not assert attorney-client privilege or attorney work product objections, because we are not seeking such information.

3. Copies all reports, memorandum, or notes from any individual who has investigated any aspect or element of the Incident. This Request is NOT seeking documents protected by attorney-client privilege or attorney work product doctrine; but IS seeking statements created in the regular course of business. So, please do not assert attorney-client privilege or attorney work product objections, because we are not seeking such information.

4. All documents evidencing, reflecting, relating to, or constituting any communication between you and any Plaintiff. This Request is NOT seeking documents protected by attorney-client privilege or attorney work product doctrine; but IS seeking statements created in the regular course of business. So, please do not assert attorney-client privilege or attorney work product objections, because we are not seeking such information.

5. All videotapes or photographs of the Premises taken on the date of the Incident.

6. All videotapes or photographs of the Premises taken within the 7 days before the Incident.

**Crimes and Dangerous Activity**

7. All documents obtained by you prior to when you began managing/operating the Premises regarding crime and dangerous activity at the Premises.

8. All police reports, incident reports, complaints, or logs regarding any crime at the Premises in the 5 years before the Incident.

9. Copies of any and all logs, security-patrol documents, incident reports, investigative memoranda, photographs, documents, and charts or graphs relating to or referencing the Incident. This Request is NOT seeking documents protected by attorney-client privilege or attorney work product doctrine; but IS seeking statements created in the regular course of business. So, please do not assert attorney-client privilege or attorney work product objections, because we are not seeking such information.

10. Copies of any and all correspondence you had with another defendant regarding crime at the Premises or the provision of security services at the Premises.

11. All documents filed, served, or sent to anyone (except your lawyer after you anticipated litigation in this case) regarding any repairs or maintenance performed at the Premises, which were necessary due to a break-in, burglary, shooting, home invasion, vandalism, or any other criminal activity.

12. All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any negligent security related litigation or claim involving personal injuries where you have been a party and involving the Premises for the 5 years before the Incident.

13. All claim forms, tenant correspondence, incident reports, or other documentation evidencing prior or subsequent complaints, injuries, or security issues occurring on the Premises.

14. All work orders, maintenance requests, or other documents reflecting repairs or requests for repairs related to any breaking and entering at the Premises.

15. Copies of any and all security patrol logs, inspection forms, claims forms, incident reports, or other documentation evidencing prior or subsequent complaints or problems with the security of the Premises.

16. All communications or correspondence between or among you and any local, state, or federal law enforcement or investigative agency regarding criminal activity on the Premises including, but not limited to, the Incident.

**Security Measures**

17. All documents relating to security and any security measures considered or undertaken at the Premises before the Incident.

18. Any patrol logs, security logs, incident reports, inspection reports, daily logs, or other documents received from a company or individual retained or consulted to provide security at the Premises within the last 5 years.

19. Copies of all written warnings you provided related to crime on the Premises.

20.   All work orders, maintenance requests, or other documents reflecting repairs or requests for repairs related to gating or fencing surrounding the Premises.

21.   All newsletters, flyers, or memos related to the Premises for the 5 years before the Incident.

22.   All documents regarding a security plan aimed at deterring third-party crime or what you believe to be dangerous activity at the Premises.

23.   All videotapes or photographs showing crime on or at the Premises.

24.   All photographs, videos, and pictures showing or depicting security measures in place at the Premises before the Incident.

25.   All work orders, maintenance requests, or other documents reflecting repairs, upgrades, requests for repairs, and installation of additional security features at the Premises

### Premises, Employees, and Training

26.   All advertisements and marketing materials used to solicit tenants in the 5 years before the Incident.

27.   All documents, photographs, drawings, architectural plans, drawings, and designs that depict the layout of the Premises in question, including documentation reflecting the layout of the area where the Incident occurred.

28.   Any and all documents, including employee handbooks, policy or procedure manuals, or videotapes of policies regarding safety, training, crime prevention, crime deterrents, loss prevention, or any security measures at the Premises. This includes any and all policy and procedure manuals of any nature.

29.   Produce the work schedules for all employees of the Premises from 2 weeks before the Incident until 2 weeks after the Incident.

30.   All applications, work schedules, training records, and personnel files for all employees who were at the Premises or responsible in any way for safety at the Premises for the 5 years before the Incident through the date of the Incident.

31.   Copies of any and all contracts or agreements you had with another Defendant.

32.   Any contracts entered between you and any other entity regarding management or property management at the Premises.

33.   All notes, memoranda, minutes, and all other written evidence of meetings with tenants held by you, your employees, agents, or independent contractors, for the past 5 years where safety, security, and third-party crime were discussed.

34.   All contract agreements or documents of any nature entered into between you and any other individual or company regarding the security, lighting, or fencing at the Premises.

35.   Biographies, resumes, and curriculum vitae for employees and agents responsible for or consulted regarding safety-related decisions at the Premises.

### Finances

36.   All budgets for security at the Premises from 5 years before the Incident through the calendar year of the Incident.

37.   All documents showing how much money was allocated for crime prevention and deterrence at the Premises from 5 years before the Incident through the present.

38.   All documents showing how much money was actually spent on crime prevention and deterrence at the Premises from 5 years before the Incident through the present.

39.   All documents showing how much money was spent after the date of the Incident to increase safety and security measures at the Premises.

40.   All profit and loss statements for the Premises from 5 years before the Incident through the calendar year of the Incident.

### Experts

41.   All materials relied upon by each testifying expert in formulating their opinions and conclusions.

42. Produce all documents and things that you have provided to any expert you designated or expect to testify on your behalf at the trial of this matter.

43. All documents received from or created by any testifying experts who have investigated any issue relevant to the Incident.

44. The entire file of all testifying experts, including billing information and all materials relied upon by each expert in formulating their opinions and conclusions.

**Miscellaneous**

45. Please produce copies of all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

46. Please produce all documents related to your search for electronically stored responsive information, including what terms were considered, what terms were used, and how many "hits" each term produced.

47. Produce all documents and things that are identified by you in your responses to the Interrogatories served upon you in this matter, to the extent that they have not been produced in response to any other request to produce set forth herein.

48. Please produce all video recordings, photographs, reports, or other documents related to surveillance or observation of Plaintiff after the Incident.

49. Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to you with regard to Plaintiff's claims against you. This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

50. All documents that you receive in response to subpoenas to non-parties.

51. All documents that you receive in response to your Requests for Production of Documents and Subpoenas to non-parties.

Submitted on August 31, 2021, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
info@rafilawfirm.com
brown@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112

**Attorneys for Plaintiff**

State Court of Fulton County
**E-FILED**
21EV005205
9/8/2021 10:08 AM
Christopher G. Scott, Clerk
Civil Division

**AFFIDAVIT OF SERVICE**

| Case: 21EV005205 | Court: Fulton County State Court State of Georgia | County: Fulton | Job: 6078499 |
|---|---|---|---|
| Plaintiff / Petitioner: Shantika Arnold | | Defendant / Respondent: GMF-Forest Cove, LLC and Millennia Housing Management, LLC | |
| Received by: CGA Solutions | | For: Rafi Law Firm | |
| To be served upon: Millennia Housing Management, LLC c/o CT Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Jane Richardson, CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046-4805

Manner of Service:   Registered Agent, Sep 3, 2021, 10:43 am EDT

Documents:   Summons, Complaint for Damages, First Requests for Admissions to Defendants, First Interrogatories to Defendants, First Requests for Production to Defendants (Received Aug 31, 2021 at 5:09pm EDT)

**Additional Comments:**
1) Successful Attempt: Sep 3, 2021, 10:43 am EDT at CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046-4805 received by Jane Richardson.
,Agent designated by CT Corporation to accept service

Subscribed and sworn to before me by the affiant who is personally known to me.

_____                      _____
Thomas David Gibbs III          Date  9/7/21       Notary Public

CGA Solutions                                         AMMY MERALES
723 Main Street                       Date 9/7/21       Commission Expires 12/27/2024
Stone Mountain, GA 30083
866-217-8581

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 00000 2

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

FILED IN OFFICE
JAN 0 1 2021
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
AQUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINFS, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY,CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO DEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ___1___ day of January, 2021.

Susan E Edlen

Chief Judge Susan Edlein, Fulton County State Court

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV005205**
**9/8/2021 10:08 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

**AFFIDAVIT OF SERVICE**

| Case:<br>21EV005205 | Court:<br>Fulton County State Court State of Georgia | County:<br>Fulton | Job:<br>6078499 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Shantika Arnold | | Defendant / Respondent:<br>GMF-Forest Cove, LLC and Millennia Housing Management, LLC | |
| Received by:<br>CGA Solutions | | For:<br>Rafi Law Firm | |
| To be served upon:<br>GMF-Forest Cove LLC c/o C. David Lumsden, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Tina Noble, recepionist/legal assistant, 3400 Peachtree Rd NE Suite 1515, Atlanta, GA 30326-1102 |
|---|---|
| Manner of Service: | Registered Agent, Sep 7, 2021, 3:06 pm EDT |
| Documents: | Summons, Complaint for Damages, First Requests for Admissions to Defendants, First Interrogatories to Defendants, First Requests for Production to Defendants (Received Aug 31, 2021 at 5:09pm EDT) |

**Additional Comments:**
1) Successful Attempt: Sep 7, 2021, 3:06 pm EDT at 3400 Peachtree Rd NE Suite 1515, Atlanta, GA 30326-1102 received by Tina Noble, recepionist/legal assistant. Age: 45-50; Ethnicity: African American; Gender: Female; Weight: 140; Height: 5'4"; Hair: Brown; Mr Lumsden was not available. Tina Noble stated she could accept service

Thomas David Gibbs III

Date   9/7/26

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date   9/7/21

Commission Expires   12/27/2024



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 000002

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN 0 1 2021
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
AQUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO DEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ___1___ day of January, 2021.

Chief Judge Susan Edlein, Fulton County State Court

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV005205**
**10/1/2021 5:04 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Shantika Arnold | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GMF-Forest Cove, LLC, and | ) |
| Millennia Housing Management, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Civil Action No.: 21-EV-005205

### **ANSWER AND DEFENSES OF DEFENDANT GMF-FOREST COVE, INC.**

**COMES NOW,** Defendant GMF-Forest Cove, (hereinafter referred to as "Defendant"), and responds to the Complaint filed by Shantika Arnold (hereinafter referred to as "Plaintiff"). Discovery has just commenced and no written discovery or depositions have been undertaken or completed that would allow this Defendant to fully evaluate the issues regarding liability, damages, and defenses. Accordingly, this Defendant responds with its preliminary answer and defenses. Without waiving this prefatory position, this Defendant responds as follows:

### **FIRST DEFENSE**

This Defendant asserts that the Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

### **SECOND DEFENSE**

Plaintiff's injuries may have been the result of the comparative or contributory negligence of Plaintiff.

### **THIRD DEFENSE**

The claims against this Defendant are barred because at all pertinent times this Defendant

1

exercised that degree of skill and care ordinarily employed by reasonable persons in general under similar conditions and like surrounding circumstances.

## FOURTH DEFENSE

This Defendant is not liable to Plaintiff because this Defendant breached no duties owed to the Plaintiff in regard to the occurrence giving rise to this complaint.

## SIXTH DEFENSE

This Defendant asserts that upon information and belief, Plaintiff's economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and this Defendant is entitled to have the Court consider the same in determining such special damages.

## SEVENTH DEFENSE

This Defendant asserts that if the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of this Defendant, Plaintiff is not entitled to damages.

## EIGHTH DEFENSE

This Defendant asserts that if the evidence shows that Plaintiff was comparatively negligent in bringing about the injuries and damages set forth in the Complaint, but said negligence was less than any negligence found on behalf this Defendant, any award of damages to the Plaintiff should be reduced to the extent of said negligence. Additionally, should it be found that this Defendant is liable to the Plaintiff herein, any liability being specifically denied, then this Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## NINTH DEFENSE

The Plaintiff's damages were not proximately caused by any actions or inactions of this Defendant.

### TENTH DEFENSE

Plaintiff cannot recover because Plaintiff, by the exercise of ordinary care, may have been able to avoid the consequences of any act, or failure to act, by this Defendant.

### ELEVENTH DEFENSE

Defendant asserts that the injuries and damages alleged by Plaintiff were not proximately caused by any negligence on the part of this Defendant or any entity or person for whose actions this Defendant was legally liable. To the extent that Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than this Defendant. Additionally, should it be found that this Defendant is liable to the Plaintiff herein, any liability being specifically denied, then this Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### TWELFTH DEFENSE

Plaintiff's alleged injuries and damages were caused by someone other than this Defendant and this Defendant specifically denies any negligence in connection with the allegations in the Plaintiff's Complaint.

### THIRTEENTH DEFENSE

This Defendant asserts that any injuries or damages, which may have been sustained, if any, were caused in whole or in part by an intervening criminal act.

### FOURTEENTH DEFENSE

Plaintiff's alleged injuries and damages were caused by persons other than this Defendant and an intervening criminal act and this defendant hereby gives notice under O.C.G.A. 51-12-33 of liability of non-parties who committed the alleged crime. The perpetrators of the attack are wholly and completely responsible for the Plaintiff's damages because they were the sole perpetrators of the harm brought about the Plaintiff. Therefore, this Defendant intends to pursue a Motion of Non-Party Fault against the unknown assailant who allegedly robbed and shot the Plaintiff.

### FIFTEENTH DEFENSE

Plaintiff has failed to join indispensable parties.

### SIXTEENTH DEFENSE

This Defendant asserts any alleged dangers connected with the alleged losses and injuries may have been open and obvious to Plaintiff, and, therefore, this Defendant asserts the affirmative defense of assumption of the risk.

### SEVENTEETH DEFENSE

Given that the criminal case investigating the incident alleged in the Complaint is ongoing, it is unclear whether the incident occurred as alleged, was a random act or whether the Plaintiff knew her attacker(s). Accordingly, this Defendant reserves at this time all defenses available under Georgia law to include assumption of the risk, and open and obvious risk, comparative negligence, waiver, estoppel and release.

### EIGHTEENTH DEFENSE

Plaintiff's alleged injuries and damages were caused by persons other than this Defendant and an intervening criminal act and this defendant hereby gives notice under O.C.G.A. 51-12-33 of liability of non-parties who committed the alleged crime. The perpetrators of the attack are

wholly and completely responsible for the Plaintiff's damages because they were the sole perpetrators of the harm brought about the Plaintiff. Therefore, this Defendant intends to pursue a Motion of Non-Party Fault against the unknown assailant who allegedly robbed and shot the Plaintiff.

## **EIGHTTEENTH DEFENSE**

Plaintiff's claim for punitive damages violates, and therefore are barred by the provisions of the Constitution of the State of Georgia on grounds, including the following:

(a)     It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar con-duct;

(g)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(h)     The award of punitive damages to the plaintiff in this action would constitute a depravation of property without due process of the law; and

(i)     The procedures pursuant to which punitive damages are awarded permit the imposition of and excessive fine and penalty.

## NINETEENTH DEFENSE

The Plaintiff's claims for punitive damages violate, and therefore are barred by the Fourth, Fifth, Sixth and Fourteenth Amendments and Article IV of the Constitution of the United States on grounds including the following:

(a)     It is a violation of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)      The procedures pursuant to which the punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which therefore violates the Due Process Clause of the United States Constitution;

(e)      The procedures pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts, and this violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe the Due Process Clause of the Fifth and Fourteenth Amendments and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)      The award of punitive damages to the plaintiff in this action would constitute a depravation of property without due process of law; and

(h)      The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## **ANSWER**

This Defendant specifically responds to the numbered paragraphs of Plaintiff's Complaint as follows:

### **Parties, Jurisdiction, And Venue**

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Complaint which therefore stand denied.

2.

This Defendant admits that it owned the Forest Cove Apartments on May, 17, 2019, but denies the remainder of the allegations contained in paragraph No. 2 of the Complaint. This Defendant did not operate, manage, or control the property at the time of the alleged incident. Millennia Housing Management, LLC performed property management at the Forest Cove Apartments at the time of the alleged incident.

3.

This Defendant admits the allegations contained in Paragraph No. 3 of the Complaint.

4.

This Defendant admits the allegations contained in Paragraph No. 4 of the Complaint

5.

This Defendant admits the allegations contained in Paragraph No. 5 of the Complaint.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the Complaint which therefore stand denied.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 of the Complaint which therefore stand denied.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Complaint which therefore stand denied.

9.

This Defendant admits the allegations contained in Paragraph No. 9 of the Complaint.

10.

This Defendant admits the allegations contained in paragraph No. 10 of the Complaint.

11.

This Defendant denies the allegations contained in paragraph No. 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph No. 12 of the Complaint as a misstatement of Georgia law.

**Facts Applicable to All Counts**

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 of the Complaint which therefore stand denied.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the Complaint which therefore stand denied.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Complaint which therefore stand denied.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint which therefore stand denied.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the Complaint which therefore stand denied.

18.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Complaint which therefore stand denied.

**Count 1: Failure To Keep The Premises Safe (O.C.G.A. § 51-3-1)**

19.

This Defendant denies the allegations contained in Paragraph No. 19 of the Complaint to the extent it seeks to impose a greater duty than Georgia law. Defendant states that Georgia law speaks for itself.

20.

This Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph No. 22 of the Complaint as pled.

23.

This Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

24.

This Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

25.

This Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

26.

This Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

29.

This Defendant denies the allegations contained in Paragraph No. 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph No. 31 of the Complaint.

**Count 2: Allowing and Maintaining a Nuisance (O.C.GA. § 41-1-1)**

32.

This Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

33.

This Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

34.

This Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

### Count 3: Failure to Repair (O.C.G.A. § 44-7-14)

35.

This Defendant denies the allegations contained in Paragraph No. 35 of the Complaint to the extent it seeks to impose a greater duty than Georgia law. This Defendant states that Georgia law speaks for itself.

36.

This Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

### Count 4: Negligent Hiring, Training, Supervision, and Retention

37.

This Defendant denies the allegations contained in Paragraph No. 37 of the Complaint.

38.

This Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

39.

This Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

40.

This Defendant denies the allegations contained in Paragraph No. 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph No. 41 of the Complaint.

42.

This Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

43.

This Defendant denies the allegations contained in Paragraph No. 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph No. 44 of the Complaint, including, but not limited to, subparts 44.1, 44.2, 44.3, 44.4, 44.5, 44.6, 44.7, 44.8, 44.9, 44.10, 44.11, and 44.12.

45.

This Defendant denies the allegations contained in Paragraph No. 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph No. 46 of the Complaint.

47.

This Defendant denies the allegations contained in Paragraph No. 47 of the Complaint, including, but not limited to subparts 47.1, 47.2, 47.3, 47.4, and 47.5.

Any allegation contained in the Complaint not specifically addressed herein is denied, including those detailed in the section titles.

**WHEREFORE**, Defendant respectfully prays as follows:

a) That Plaintiff's Complaint be dismissed against this Defendant on the grounds set forth above and all costs cast against Plaintiff;

b) In the alternative, that judgment be granted in favor of this Defendant on all counts of the Plaintiff's Complaint;

c) That this Defendant have a trial by twelve (12) jurors, as the law provides; and

d) For such other and further relief that the Court deems just and proper.

*[SIGNATURE ON FOLLOWING PAGE]*

This 1 day of October, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie, Esq.
Georgia State Bar No. 125248
Breandan D. Cotter
Georgia State Bar No. 439220
*Attorneys for Defendants.*

285 Peachtree Center Avenue NE
Marquis II, Suite 1650
Atlanta, Georgia 30303
(404) 522-6888

14

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Shantika Arnold | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No.: 21-EV-005205 |
| | ) |
| GMF-Forest Cove, LLC, and | ) |
| Millennia Housing Management, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **CERTIFICATE OF SERVICE**

     This is to certify that I have on this date served all counsel in the foregoing matter with a copy of the forgoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GMF-FOREST COVE, LLC** by electronic mail at the primary email address on record with the electronic filing service provider and by mail to:

- Michael T Rafi, Esq, info@rafilawfirm.com *(Attorney for Plaintiff)*
- Alexander J. Brown, Esq., brown@rafilawfirm.com *(Attorney for Plaintiff)*

     This 1 day of October, 2021.

                                      */s/ Carrie L. Christie*_____
                                        Carrie L. Christie
                                        Georgia State Bar No. 125248

State Court of Fulton County
**E-FILED**
21EV005205
10/1/2021 5:04 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Shantika Arnold | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 21-EV-005205 |
| | ) | |
| GMF-Forest Cove, LLC, and | ) | |
| Millennia Housing Management, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER AND DEFENSES OF DEFENDANT MILLENNIA HOUSING MANAGEMENT, INC.

**COMES NOW,** Defendant Millennia Housing Management, LLC, (hereinafter referred to as "Defendant"), and responds to the Complaint filed by Shantika Arnold (hereinafter referred to as "Plaintiff"). Discovery has just commenced and no written discovery or depositions have been undertaken or completed that would allow this Defendant to fully evaluate the issues regarding liability, damages, and defenses. Accordingly, this Defendant responds with its preliminary answer and defenses. Without waiving this prefatory position, this Defendant responds as follows:

### FIRST DEFENSE

This Defendant asserts that the Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

### SECOND DEFENSE

Plaintiff's injuries may have been the result of the comparative or contributory negligence of Plaintiff.

### THIRD DEFENSE

1

The claims against this Defendant are barred because at all pertinent times this Defendant exercised that degree of skill and care ordinarily employed by reasonable persons in general under similar conditions and like surrounding circumstances.

### FOURTH DEFENSE

This Defendant is not liable to Plaintiff because this Defendant breached no duties owed to the Plaintiff in regard to the occurrence giving rise to this complaint.

### SIXTH DEFENSE

This Defendant asserts that upon information and belief, Plaintiff's economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and this Defendant is entitled to have the Court consider the same in determining such special damages.

### SEVENTH DEFENSE

This Defendant asserts that if the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of this Defendant, Plaintiff is not entitled to damages.

### EIGHTH DEFENSE

This Defendant asserts that if the evidence shows that Plaintiff was comparatively negligent in bringing about the injuries and damages set forth in the Complaint, but said negligence was less than any negligence found on behalf this Defendant, any award of damages to the Plaintiff should be reduced to the extent of said negligence. Additionally, should it be found that this Defendant is liable to the Plaintiff herein, any liability being specifically denied, then this Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## NINTH DEFENSE

The Plaintiff's damages were not proximately caused by any actions or inactions of this Defendant.

## TENTH DEFENSE

Plaintiff cannot recover because Plaintiff, by the exercise of ordinary care, may have been able to avoid the consequences of any act, or failure to act, by this Defendant.

## ELEVENTH DEFENSE

Defendant asserts that the injuries and damages alleged by Plaintiff were not proximately caused by any negligence on the part of this Defendant or any entity or person for whose actions this Defendant was legally liable. To the extent that Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than this Defendant. Additionally, should it be found that this Defendant is liable to the Plaintiff herein, any liability being specifically denied, then this Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## TWELFTH DEFENSE

Plaintiff's alleged injuries and damages were caused by someone other than this Defendant and this Defendant specifically denies any negligence in connection with the allegations in the Plaintiff's Complaint.

## THIRTEENTH DEFENSE

This Defendant asserts that any injuries or damages, which may have been sustained, if any, were caused in whole or in part by an intervening criminal act.

## FOURTEENTH DEFENSE

3

Plaintiff's alleged injuries and damages were caused by persons other than this Defendant and an intervening criminal act and this defendant hereby gives notice under O.C.G.A. 51-12-33 of liability of non-parties who committed the alleged crime. The perpetrators of the attack are wholly and completely responsible for the Plaintiff's damages because they were the sole perpetrators of the harm brought about the Plaintiff. Therefore, this Defendant intends to pursue a Motion of Non-Party Fault against the unknown assailant who allegedly robbed and shot the Plaintiff.

## FIFTEENTH DEFENSE

Plaintiff has failed to join indispensable parties.

## SIXTEENTH DEFENSE

This Defendant asserts any alleged dangers connected with the alleged losses and injuries may have been open and obvious to Plaintiff, and, therefore, this Defendant asserts the affirmative defense of assumption of the risk.

## SEVENTEETH DEFENSE

Given that the criminal case investigating the incident alleged in the Complaint is ongoing, it is unclear whether the incident occurred as alleged, was a random act or whether the Plaintiff knew her attacker(s). Accordingly, this Defendant reserves at this time all defenses available under Georgia law to include assumption of the risk, and open and obvious risk, comparative negligence, waiver, estoppel and release.

## EIGHTEENTH DEFENSE

Plaintiff's alleged injuries and damages were caused by persons other than this Defendant and an intervening criminal act and this defendant hereby gives notice under O.C.G.A. 51-12-33 of liability of non-parties who committed the alleged crime. The perpetrators of the attack are

wholly and completely responsible for the Plaintiff's damages because they were the sole perpetrators of the harm brought about the Plaintiff. Therefore, this Defendant intends to pursue a Motion of Non-Party Fault against the unknown assailant who allegedly robbed and shot the Plaintiff.

## EIGHTTEENTH DEFENSE

Plaintiff's claim for punitive damages violates, and therefore are barred by the provisions of the Constitution of the State of Georgia on grounds, including the following:

(a)     It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar con-duct;

(g)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(h)     The award of punitive damages to the plaintiff in this action would constitute a depravation of property without due process of the law; and

(i)     The procedures pursuant to which punitive damages are awarded permit the imposition of and excessive fine and penalty.

## NINETEENTH DEFENSE

The Plaintiff's claims for punitive damages violate, and therefore are barred by the Fourth, Fifth, Sixth and Fourteenth Amendments and Article IV of the Constitution of the United States on grounds including the following:

(a)     It is a violation of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

6

(d)     The procedures pursuant to which the punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which therefore violates the Due Process Clause of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts, and this violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe the Due Process Clause of the Fifth and Fourteenth Amendments and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     The award of punitive damages to the plaintiff in this action would constitute a depravation of property without due process of law; and

(h)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## ANSWER

This Defendant specifically responds to the numbered paragraphs of Plaintiff's Complaint as follows:

### Parties, Jurisdiction, And Venue

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Complaint which therefore stand denied.

2.

This Defendant admits that it performed property management at the Forest Cove Apartments on May, 17, 2019, but denies the remainder of the allegations contained in paragraph No. 2 of the Complaint. GMF-Forest Cove, LLC owned the complex at the time of the alleged shooting.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 of the Complaint which therefore stand denied.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of the Complaint which therefore stand denied.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Complaint which therefore stand denied.

6.

This Defendant admits the allegations contained in paragraph No. 6 of the Complaint.

7.

This Defendant admits the allegations contained in paragraph No. 7 of the Complaint.

8.

This Defendant admits the allegations contained in paragraph No. 8 of the Complaint.

9.

This Defendant admits the allegations contained in paragraph No. 9 of the Complaint.

10.

This Defendant admits the allegations contained in paragraph No. 10 of the Complaint.

11.

This Defendant denies the allegations contained in paragraph No. 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph No. 12 of the Complaint as a misstatement of Georgia law.

**Facts Applicable to All Counts**

13.

This Defendant admits that Plaintiff was a tenant at the Forest Cove Apartments at some point in the past but denies the remaining allegations in Paragraph No. 13 of the Complaint as pled.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the Complaint which therefore stand denied.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Complaint which therefore stand denied.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint which therefore stand

denied.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the Complaint which therefore stand denied.

18.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Complaint which therefore stand denied.

**Count 1: Failure To Keep The Premises Safe (O.C.G.A. § 51-3-1)**

19.

This Defendant denies the allegations contained in Paragraph No. 19 of the Complaint to the extent it seeks to impose a greater duty than Georgia law. Defendant states that Georgia law speaks for itself.

20.

This Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph No. 22 of the Complaint as pled.

23.

This Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

24.

This Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

25.

This Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

26.

This Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

29.

This Defendant denies the allegations contained in Paragraph No. 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph No. 31 of the Complaint.

**Count 2: Allowing and Maintaining a Nuisance (O.C.GA. § 41-1-1)**

32.

This Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

33.

This Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

34.

This Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

11

**Count 3: Failure to Repair (O.C.G.A. § 44-7-14)**

35.

This Defendant denies the allegations contained in Paragraph No. 35 of the Complaint to the extent it seeks to impose a greater duty than Georgia law. This Defendant states that Georgia law speaks for itself.

36.

This Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

**Count 4: Negligent Hiring, Training, Supervision, and Retention**

37.

This Defendant denies the allegations contained in Paragraph No. 37 of the Complaint.

38.

This Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

39.

This Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

40.

This Defendant denies the allegations contained in Paragraph No. 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph No. 41 of the Complaint.

42.

This Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

43.

This Defendant denies the allegations contained in Paragraph No. 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph No. 44 of the Complaint, including, but not limited to, subparts 44.1, 44.2, 44.3, 44.4, 44.5, 44.6, 44.7, 44.8, 44.9, 44.10, 44.11, and 44.12.

45.

This Defendant denies the allegations contained in Paragraph No. 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph No. 46 of the Complaint.

47.

This Defendant denies the allegations contained in Paragraph No. 47 of the Complaint, including, but not limited to subparts 47.1, 47.2, 47.3, 47.4, and 47.5.

Any allegation contained in the Complaint not specifically addressed herein is denied, including those detailed in the section titles.

**WHEREFORE**, Defendant respectfully prays as follows:

a)   That Plaintiff's Complaint be dismissed against this Defendant on the grounds set forth above and all costs cast against Plaintiff;

b)   In the alternative, that judgment be granted in favor of this Defendant on all counts of the Plaintiff's Complaint;

c)   That this Defendant have a trial by twelve (12) jurors, as the law provides; and

d)   For such other and further relief that the Court deems just and proper.

*[SIGNATURE ON FOLLOWING PAGE]*

This 1 day of October, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*

13

Carrie L. Christie, Esq.
Georgia State Bar No. 125248
Breandan D. Cotter
Georgia State Bar No. 439220
*Attorneys for Defendants.*

285 Peachtree Center Avenue NE
Marquis II, Suite 1650
Atlanta, Georgia 30303
(404) 522-6888

14

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Shantika Arnold | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 21-EV-005205 |
| | ) | |
| GMF-Forest Cove, LLC, and | ) | |
| Millennia Housing Management, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served all counsel in the foregoing matter with a copy of the forgoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MILLENNIA HOUSING MANAGEMENT, LLC** by electronic mail at the primary email address on record with the electronic filing service provider and by mail to:

- Michael T Rafi, Esq, info@rafilawfirm.com *(Attorney for Plaintiff)*
- Alexander J. Brown, Esq., brown@rafilawfirm.com *(Attorney for Plaintiff)*

This 1 day of October, 2021.

*/s/ Carrie L. Christie*_____
Carrie L. Christie
Georgia State Bar No. 125248