

July 2, 2021

Via certified mail, return receipt requested and via email to lori.westlund@jamesriverins.com

James River Insurance Company
Lori Westlund
50 West Broad Street
Suite 1330
Columbus, OH 43215

GMF-Forest Cove LLC
c/o C. David Lumsden, registered agent
3400 Peachtree Road NE, Suite 1515
Atlanta, GA 30326

Millennia Housing Management, LTD
127 Public Square
4000 Key Tower
Cleveland, OH 44114

*Re:*   *Our Client*: Shantika Arnold
*Incident*: Shooting on May 17, 2019
*Property*: Forest Cove Apartments, 900 New Town Circle, Atlanta, GA
*Insured*: Millennia Housing Management, LTD and GMF-Forest Cove LLC
*James River policy no.*: RBS0014719

**Time-Limited Offer to Compromise a Disputed Claim**

Dear James River Insurance, GMF-Forest Cove LLC and Millennia Housing Management,

We represent Shantika Arnold in her claim against GMF-Forest Cove LLC and Millennia Housing Management, LTD arising out of a shooting on your property on May 17, 2019. Please allow this letter to serve as a compromise settlement demand in this matter. As discussed below GMF-Forest Cove LP and Millennia Housing Management, LTD were negligent and as a result Shantika Arnold was severely and permanently injured on May 17th, 2019.[1]

**Facts**

---

[1] The applicable statute of limitations in this matter is tolled by O.C.G.A. §9-3-99 in addition to the Georgia Supreme Court's COVID-19 Judicial Emergency Order.

On May 17, 2019, GMF-Forest Cove LLC owned the Forest Cove Apartments and Millennia Housing Management was the property manager. Together, GMF and Millennia oversaw, managed, and were responsible for one of the most dangerous properties in Georgia.

Shantika was a resident at Forest Cove Apartments. On May 17, Atlanta Police were called to respond to a robbery at the Forest Cove Apartments. When police arrived, they found Shantika Arnold severely injured as a result of multiple gunshot wounds to her leg sustained when she was robbed.

**Negligence and Liability**

GMF-Forest Cove and Millennia were negligent in failing to provide a reasonably safe environment at Forest Cove Apartments. Before and on May 17th, 2019, Forest Cove was negligently maintained, inspected, secured, patrolled, and managed by your insureds. Forest Cove negligently failed to provide adequate security protection, security personnel, or any meaningful crime deterrence measures on the property. Forest Cove negligently represented to residents such as Shantika that Forest Cove was safe and secure.

Under O.C.G.A. § 51-3-1, "a landowner is liable to invitees for injuries caused by his failure to use ordinary care in keeping the premises safe." *Hickman v. Allen*, 217 Ga. App. 701, 702 (1995). "[I]n Georgia, a proprietor has a statutory duty to exercise ordinary care to keep its premises safe, which includes inspecting the premises to discover possible dangerous conditions of which the proprietor does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises." *Benefield v. Tominich*, 308 Ga. App. 605, 607-08 (2011) (punctuation and footnotes omitted). "A landowner can be liable for third-party criminal attacks if the landowner has reasonable grounds to apprehend that such a criminal act would be committed but fails to take steps to guard against injury." *TGM Ashley Lakes, Inc. v. Jennings*, 264 Ga. App. 456, 462 (2003). The similar prior crimes of which your insured was aware "should have put an ordinarily prudent person on notice that the [invitees] were facing increased risks." *Matt v. Days Inns of America, Inc.*, 212 Ga. App. 792, 794 (1994).

Forest Cove had a shocking number of dangerous and deadly prior crimes, many of which were extremely similar to the robbery in which Shantika was injured. In the five years preceding the shooting of Shantika Arnold, crime at Forest Cove also included:[2]

- Approximately 171 aggravated assaults;
- 85 robberies; and
- 6 murders

We have handled many negligent security cases. The extent and severity of crime at Forest Cove is among the worst. Your insureds' seeming indifference to this crime and to the serious threat of

---

[2] City of Atlanta Crime Data for the area, including all addresses within Forest Cove, is enclosed.

danger to their invitees will likely support not only a finding of liability, but also an award of punitive damages.

## Damages

Shantika Arnold was transported immediately from the scene to the trauma unit at Grady Hospital due to the gunshot wounds to her thigh and ankle. She would spend 5 days in the hospital and underwent a painful surgery to repair the intraarticular pilon fracture she sustained as a result of one of the bullets entering her ankle.

```
DIAGNOSES:
1. Left ballistic distal tibia intraarticular pilon fracture.
2. Two ballistic wounds, one anterolateral 1 cm in diameter, and one direct medial 1 cm in diameter.

OPERATIVE PROCEDURE 5/17/19:
1. Open reduction internal fixation of right intraarticular distal tibial pilon fracture.
2. Excisional irrigation and debridement of open wound, anterolateral ankle, with delayed primary closure in layers.
```

This surgery has caused Shantika continued pain and difficulty with walking as her ankle mobility is still limited. The plates that were placed in Shantika's leg to stabilize the fracture have left her with permanent scarring and injuries which serve to remind her daily of the tragic and preventable incident caused by your insureds' complete disregard for the safety of their residents. Her past medical expenses are in excess of $100,000.00.[3] This is just a starting point for what a jury would award in this matter, as Shantika will be living with the pain and effects of this preventable shooting for the remainder of her life.

In addition, the frequency and severity of prior violent crimes at Forest Cove establish your insureds were willfully indifferent to the consequences of its negligence that justify a jury awarding punitive damages.

## Demand

In light of this evidence, it is without hesitation that we make this thirty-day time-limited demand in the amount of $750,000.00. There is no doubt that based upon Shantika's injuries and the vast amount of prior crime at Forest Cove that a jury would award in excess of this reasonable demand. This offer is made pursuant to *Southern General v. Holt*, 262 Ga. 267 (1992). This Demand is also an unliquidated demand pursuant to O.C.G.A. § 51-12-14.

As you are likely aware, negligent security cases in Georgia often result in substantial verdicts, and your insured faces similar exposure in this case. This tragic and preventable event caused serious

---

[3] All of Ms. Arnold's medical records and billing are enclosed.

and permanent injuries to my client. This case will be filed and tried in Fulton County, a favorable venue for plaintiffs in negligent security cases like this one.

Our firm specializes in negligent security cases like this one.

We recently obtained a $1,700,000.00 jury verdict in Fulton County. In that case, our client was shot at a gas station that had far fewer prior crimes than in this case, and he was fully healed by the time of trial. Shantika Arnold still suffers with the pain from her injuries today.

We recently obtained a $6,000,000.00 policy limits settlement for the family of a man who was shot and killed in another Atlanta apartment complex. In that case, the insurers denied our demand, and we filed suit. Once the defense attorneys saw that we were the firm on the case and that we already had done the work to position the case for an excess verdict, they quickly paid the primary and excess policy limits.

We also recently obtained a $3,000,000.00 policy limits settlement for the family of a man who was shot and killed at an apartment complex in Warner Robbins, Georgia. In that case, the insurers agreed the value of our client's life was more than $3,000,000.00, even though that case would have been tried in a much more conservative venue than this case.

Simply put, we know what to look for in these cases, how to maximize a jury's award, and how to effectively articulate damages to a jury.

**Offer Terms**

The terms of this offer are:

1. On or before 5:00 p.m. Eastern Time on August 2, 2021, GMF-Forest Cove LLC and Millenia Housing Management, LTD must each agree in separate writing by mail or personal delivery to Rafi Law Firm LLC at 1776 Peachtree Street NW, Suite 423-South, Atlanta, Georgia 30309, or by email to mike@rafilawfirm.com and brown@rafilawfirm.com:
   1.1. To pay $750,000.00 by check made out to "Rafi Law Firm LLC in trust for Shantika Arnold; and
   1.2. That the Limited Release attached as Exhibit 1 is acceptable without any changes.
2. Within 10 days of completing the acts described in term 1, Forest Cove and Millenia must deliver check(s) in the amount of $750,000.00 to "Rafi Law Firm LLC in trust for Shantika Arnold" via mail or personal delivery to Rafi Law Firm LLC, 1776 Peachtree Street NW, Suite 423-South, Atlanta, Georgia 30309.
3. In exchange for completing the acts described in terms 1 and 2, Shantika Arnold will execute the attached limited release and return the original to James River.

This offer "must be accepted unequivocally and without variance of any sort...." *McReynolds v. Krebs*, 290 Ga. 850, 853 (2012).

If Forest Cove does not settle the case as specified in this letter—i.e., if GMF-Forest Cove and Millennia do not accept this offer to settle unequivocally and without variance of any sort—we **will** take this case to trial and obtain a judgment against them many times over this eminently

reasonable demand. We will then seek to collect the full value of our client's claim, plus all extracontractual damages available under Georgia law.

On behalf of our client, we look forward to your response.

Sincerely,

Alex J. Brown

Enclosures

# Exhibit 1

**LIMITED RELEASE AND SETTLEMENT AGREEMENT**

For and in consideration of the sum of $750,000.00 (Seven Hundred and Fifty Thousand dollars) under James River Insurance Company insurance policy # RBS0014719, the receipt, reasonableness and sufficiency of which is hereby acknowledged, the undersigned, Shantika Arnold ("Releasor"), does hereby release, remise and forever acquit GMF-Forest Cove LLC and Millennia Housing Management, LTD ("Releasees"), and each of their respective employees, representatives, and agents, from any and all claims, demands, actions and causes of action, including, but not limited to, those pleaded or which might have been pleaded arising out of the injuries she suffered at Forest Cove Apartments in Atlanta, Georgia on May 17, 2019 ("the Incident"), except to the extent other insurance coverage is available which covers such claims or causes of action.

This Limited Release does not bar any claims Releasor may have against parties other than GMF-Forest Cove LLC, Millennia Housing Management and those other parties' insurance, and insurance other than the above-identified insurance policies, including other insurance covering Releasees that might provide coverage for the injuries and damages arising out of the above-referenced incident. This Limited Release shall not operate as a release of any other persons, entities, or insurance policies not specifically named herein and shall not operate as a release of the Releasor's claims against any other tortfeasor, insurance carrier, or insurance policy not named in this Limited Release.

Pursuant to O.C.G.A. § 33-7-12, the undersigned understand and agree that this settlement is being made by the insurer for its insured, and that it admits no liability to the undersigned or to any other, and shall not be estopped or otherwise barred from asserting, and expressly reserve the right to assert, any claim or cause of action said Releasees may have against the undersigned or others.

Releasor agrees to pay and satisfy any and all valid and enforceable liens, subrogation claims, or other claims of recovery rights, hospital, health and any other valid liens of any kind for past, existing, and future, known or unknown amounts, arising out of or relating to Releasor's claims. Releasor agrees to defend, indemnify and hold harmless Releasees from any and all claims, suits, demands, liabilities, costs, and attorney fees arising from any liens, subrogation claims, or other claims of recovery rights, past and future, known and unknown, hospital, health and any other valid liens of any kind arising out of or relating to the undersigned's claims, with indemnification not to exceed amount of settlement less fees and costs.

The settlement funds constitute payment for pain and suffering and medical bills. Releasor has not been made whole, and accordingly payment does not cover all of the economic and noneconomic losses incurred by the undersigned, nor is it to be construed as full and complete

compensation to the undersigned. Payment by Releasees to Releasor constitutes payment for sickness or injury.

The undersigned represents and warrants that no other person or entity has or has had an interest in the claims, demands, obligations, or causes of action referred to in this Limited Release and the undersigned has the sole right and exclusive authority to execute this Limited Release and receive the sums specified in this Limited Release; and that the undersigned has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Limited Release.

This Limited Release contains the entire understanding of the Parties with respect to the settlement of those claims and potential claims provided for herein, supersedes all prior Limited Releases, arrangements, and understandings relating to the subject matter of this Limited Release, and is binding upon the Parties and their agents, representatives, successors, assigns, and heirs.

This Limited Release shall be construed and interpreted in accordance with the laws of the State of Georgia and without giving effect to the principles of conflicts of laws.

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Limited Release.

Releasor further warrants that they have not filed a petition of bankruptcy with the United States Bankruptcy Court nor are they a party to a bankruptcy proceeding at the time of the signing of this release.

Releasor understands that the injuries sustained are or may be permanent and progressive and that recovery is uncertain and indefinite. Releasor has relied wholly upon her own judgment, belief and knowledge as to the nature, extent, effect and duration of said injuries and liability, if any, and such is made without reliance upon any statement or representation of any other person. Releasor acknowledges that no promise, inducement, or agreement not herein expressed has been made and that this Limited Release contains the entire agreement between the parties. The foregoing representations are made in order for the parties released hereby to rely upon them in effecting this Limited Release.

Releasor agrees she has read this Limited Release carefully, knows the contents thereof, and signed the same as her own free act and has not been influenced in making this settlement by any representation by the Releasee or Releasee's insurer.

Signed on the _____ day of _____, 2021.

Sworn to and subscribed
before me this ___ day of            _____
_____, 2021.                     Shantika Arnold


_____
Notary Public