Case 1:21-cv-04088-WMR   Document 3   Filed 10/01/21   Page 1 of 15

State Court of Fulton County
**E-FILED**
21EV005205
10/1/2021 5:04 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Shantika Arnold | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 21-EV-005205 |
| | ) |
| GMF-Forest Cove, LLC, and | ) |
| Millennia Housing Management, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ANSWER AND DEFENSES OF DEFENDANT MILLENNIA HOUSING MANAGEMENT, INC.

**COMES NOW,** Defendant Millennia Housing Management, LLC, (hereinafter referred to as "Defendant"), and responds to the Complaint filed by Shantika Arnold (hereinafter referred to as "Plaintiff"). Discovery has just commenced and no written discovery or depositions have been undertaken or completed that would allow this Defendant to fully evaluate the issues regarding liability, damages, and defenses. Accordingly, this Defendant responds with its preliminary answer and defenses. Without waiving this prefatory position, this Defendant responds as follows:

### FIRST DEFENSE

This Defendant asserts that the Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

### SECOND DEFENSE

Plaintiff's injuries may have been the result of the comparative or contributory negligence of Plaintiff.

### THIRD DEFENSE

The claims against this Defendant are barred because at all pertinent times this Defendant exercised that degree of skill and care ordinarily employed by reasonable persons in general under similar conditions and like surrounding circumstances.

**FOURTH DEFENSE**

This Defendant is not liable to Plaintiff because this Defendant breached no duties owed to the Plaintiff in regard to the occurrence giving rise to this complaint.

**SIXTH DEFENSE**

This Defendant asserts that upon information and belief, Plaintiff's economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and this Defendant is entitled to have the Court consider the same in determining such special damages.

**SEVENTH DEFENSE**

This Defendant asserts that if the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of this Defendant, Plaintiff is not entitled to damages.

**EIGHTH DEFENSE**

This Defendant asserts that if the evidence shows that Plaintiff was comparatively negligent in bringing about the injuries and damages set forth in the Complaint, but said negligence was less than any negligence found on behalf this Defendant, any award of damages to the Plaintiff should be reduced to the extent of said negligence. Additionally, should it be found that this Defendant is liable to the Plaintiff herein, any liability being specifically denied, then this Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

**NINTH DEFENSE**

The Plaintiff's damages were not proximately caused by any actions or inactions of this Defendant.

**TENTH DEFENSE**

Plaintiff cannot recover because Plaintiff, by the exercise of ordinary care, may have been able to avoid the consequences of any act, or failure to act, by this Defendant.

**ELEVENTH DEFENSE**

Defendant asserts that the injuries and damages alleged by Plaintiff were not proximately caused by any negligence on the part of this Defendant or any entity or person for whose actions this Defendant was legally liable. To the extent that Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than this Defendant. Additionally, should it be found that this Defendant is liable to the Plaintiff herein, any liability being specifically denied, then this Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

**TWELFTH DEFENSE**

Plaintiff's alleged injuries and damages were caused by someone other than this Defendant and this Defendant specifically denies any negligence in connection with the allegations in the Plaintiff's Complaint.

**THIRTEENTH DEFENSE**

This Defendant asserts that any injuries or damages, which may have been sustained, if any, were caused in whole or in part by an intervening criminal act.

**FOURTEENTH DEFENSE**

Plaintiff's alleged injuries and damages were caused by persons other than this Defendant and an intervening criminal act and this defendant hereby gives notice under O.C.G.A. 51-12-33 of liability of non-parties who committed the alleged crime. The perpetrators of the attack are wholly and completely responsible for the Plaintiff's damages because they were the sole perpetrators of the harm brought about the Plaintiff. Therefore, this Defendant intends to pursue a Motion of Non-Party Fault against the unknown assailant who allegedly robbed and shot the Plaintiff.

### FIFTEENTH DEFENSE

Plaintiff has failed to join indispensable parties.

### SIXTEENTH DEFENSE

This Defendant asserts any alleged dangers connected with the alleged losses and injuries may have been open and obvious to Plaintiff, and, therefore, this Defendant asserts the affirmative defense of assumption of the risk.

### SEVENTEETH DEFENSE

Given that the criminal case investigating the incident alleged in the Complaint is ongoing, it is unclear whether the incident occurred as alleged, was a random act or whether the Plaintiff knew her attacker(s). Accordingly, this Defendant reserves at this time all defenses available under Georgia law to include assumption of the risk, and open and obvious risk, comparative negligence, waiver, estoppel and release.

### EIGHTEENTH DEFENSE

Plaintiff's alleged injuries and damages were caused by persons other than this Defendant and an intervening criminal act and this defendant hereby gives notice under O.C.G.A. 51-12-33 of liability of non-parties who committed the alleged crime. The perpetrators of the attack are

wholly and completely responsible for the Plaintiff's damages because they were the sole perpetrators of the harm brought about the Plaintiff. Therefore, this Defendant intends to pursue a Motion of Non-Party Fault against the unknown assailant who allegedly robbed and shot the Plaintiff.

### EIGHTTEENTH DEFENSE

Plaintiff's claim for punitive damages violates, and therefore are barred by the provisions of the Constitution of the State of Georgia on grounds, including the following:

(a) It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar con-duct;

(g) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(h) The award of punitive damages to the plaintiff in this action would constitute a depravation of property without due process of the law; and

(i) The procedures pursuant to which punitive damages are awarded permit the imposition of and excessive fine and penalty.

## NINETEENTH DEFENSE

The Plaintiff's claims for punitive damages violate, and therefore are barred by the Fourth, Fifth, Sixth and Fourteenth Amendments and Article IV of the Constitution of the United States on grounds including the following:

(a) It is a violation of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which the punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which therefore violates the Due Process Clause of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts, and this violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe the Due Process Clause of the Fifth and Fourteenth Amendments and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The award of punitive damages to the plaintiff in this action would constitute a depravation of property without due process of law; and

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## ANSWER

This Defendant specifically responds to the numbered paragraphs of Plaintiff's Complaint as follows:

### Parties, Jurisdiction, And Venue

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Complaint which therefore stand denied.

2.

This Defendant admits that it performed property management at the Forest Cove Apartments on May, 17, 2019, but denies the remainder of the allegations contained in paragraph No. 2 of the Complaint. GMF-Forest Cove, LLC owned the complex at the time of the alleged shooting.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 of the Complaint which therefore stand denied.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of the Complaint which therefore stand denied.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Complaint which therefore stand denied.

6.

This Defendant admits the allegations contained in paragraph No. 6 of the Complaint.

7.

This Defendant admits the allegations contained in paragraph No. 7 of the Complaint.

8.

This Defendant admits the allegations contained in paragraph No. 8 of the Complaint.

9.

This Defendant admits the allegations contained in paragraph No. 9 of the Complaint.

10.

This Defendant admits the allegations contained in paragraph No. 10 of the Complaint.

11.

This Defendant denies the allegations contained in paragraph No. 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph No. 12 of the Complaint as a misstatement of Georgia law.

**Facts Applicable to All Counts**

13.

This Defendant admits that Plaintiff was a tenant at the Forest Cove Apartments at some point in the past but denies the remaining allegations in Paragraph No. 13 of the Complaint as pled.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the Complaint which therefore stand denied.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Complaint which therefore stand denied.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint which therefore stand

denied.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the Complaint which therefore stand denied.

18.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Complaint which therefore stand denied.

**Count 1: Failure To Keep The Premises Safe (O.C.G.A. § 51-3-1)**

19.

This Defendant denies the allegations contained in Paragraph No. 19 of the Complaint to the extent it seeks to impose a greater duty than Georgia law. Defendant states that Georgia law speaks for itself.

20.

This Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph No. 22 of the Complaint as pled.

23.

This Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

24.

This Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

25.

This Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

26.

This Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

29.

This Defendant denies the allegations contained in Paragraph No. 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph No. 31 of the Complaint.

**Count 2: Allowing and Maintaining a Nuisance (O.C.GA. § 41-1-1)**

32.

This Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

33.

This Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

34.

This Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

### Count 3: Failure to Repair (O.C.G.A. § 44-7-14)

35.

This Defendant denies the allegations contained in Paragraph No. 35 of the Complaint to the extent it seeks to impose a greater duty than Georgia law. This Defendant states that Georgia law speaks for itself.

36.

This Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

### Count 4: Negligent Hiring, Training, Supervision, and Retention

37.

This Defendant denies the allegations contained in Paragraph No. 37 of the Complaint.

38.

This Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

39.

This Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

40.

This Defendant denies the allegations contained in Paragraph No. 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph No. 41 of the Complaint.

42.

This Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

43.

This Defendant denies the allegations contained in Paragraph No. 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph No. 44 of the Complaint, including, but not limited to, subparts 44.1, 44.2, 44.3, 44.4, 44.5, 44.6, 44.7, 44.8, 44.9, 44.10, 44.11, and 44.12.

45.

This Defendant denies the allegations contained in Paragraph No. 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph No. 46 of the Complaint.

47.

This Defendant denies the allegations contained in Paragraph No. 47 of the Complaint, including, but not limited to subparts 47.1, 47.2, 47.3, 47.4, and 47.5.

Any allegation contained in the Complaint not specifically addressed herein is denied, including those detailed in the section titles.

**WHEREFORE**, Defendant respectfully prays as follows:

a)   That Plaintiff's Complaint be dismissed against this Defendant on the grounds set forth above and all costs cast against Plaintiff;

b)   In the alternative, that judgment be granted in favor of this Defendant on all counts of the Plaintiff's Complaint;

c)   That this Defendant have a trial by twelve (12) jurors, as the law provides; and

d)   For such other and further relief that the Court deems just and proper.

*[SIGNATURE ON FOLLOWING PAGE]*

This 1 day of October, 2021.

RUTHERFORD & CHRISTIE LLP

/s/ Carrie L. Christie

                                      Carrie L. Christie, Esq.
Georgia State Bar No. 125248
Breandan D. Cotter
Georgia State Bar No. 439220
*Attorneys for Defendants*.

285 Peachtree Center Avenue NE
Marquis II, Suite 1650
Atlanta, Georgia 30303
(404) 522-6888

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Shantika Arnold | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 21-EV-005205 |
| | ) | |
| GMF-Forest Cove, LLC, and | ) | |
| Millennia Housing Management, LLC, | ) | |
| | ) | |
|       Defendants. | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this date served all counsel in the foregoing matter with a copy of the forgoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MILLENNIA HOUSING MANAGEMENT, LLC** by electronic mail at the primary email address on record with the electronic filing service provider and by mail to:

- Michael T Rafi, Esq, info@rafilawfirm.com *(Attorney for Plaintiff)*
- Alexander J. Brown, Esq., brown@rafilawfirm.com *(Attorney for Plaintiff)*

This 1 day of October, 2021.

                                                            */s/ Carrie L. Christie*_____
                                                            Carrie L. Christie
                                                            Georgia State Bar No. 125248